IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DANIEL LAFITTE  DUMONDE | * | |
| Petitioner, | * | |
| v. | *CIVIL ACTION NO. 2:05-CV-855-D | (WO) |
| UNITED STATES OF AMERICA, *et al*., | * | |
| Respondents. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner filed this application for habeas corpus relief in this court on September 6, 2005.  Petitioner is currently serving a term of imprisonment following his 2005 conviction for Making, Possessing and Uttering a Counterfeit Security While Aided and Abetted by Another Person, in violation of 18 U.S.C. § 513(a) & (2), which was entered against him by the United States District Court for the Northern District of Alabama.  It is matters related to this conviction which Petitioner seeks to challenge in the instant application for habeas corpus relief.[1]

_____

[1]Although Petitioner captions this petition as one filed under  28 U.S.C. § 2241, any attempt to challenge his federal conviction  is more appropriately filed under the provisions of 28 U.S.C § 2255.  Additionally, any attempt  to challenge the constitutionality of the conduct and/or actions of government officials with regard to matters arising out of Petitioner's  arrest, trial, and/or conviction on the federal charges may be more appropriately filed in a  *Bivens* action. Regardless, it appears clear that  transfer of this cause to the United States District Court for the Northern District of Alabama is appropriate as all the matters about which Petitioner complains and all the witnesses and documents associated with such matters are located within that jurisdiction.

## DISCUSSION

This court, "for the convenience of parties and witnesses, in the interest of justice, . . . may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Here, Petitioner seeks to  challenge matters related to his arrest, trial,  conviction, and/or post-conviction proceedings which occurred in the United States District Court for the Northern District of Alabama.  In light of the foregoing, the court concludes that the transfer of this case to such other court for hearing and determination is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 18 October 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of October, 2005.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE